UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ROSSER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>H. SANCHEZ, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　10-1037-JAH(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING CALIFORNIA DEPARTMENT OF CORRECTIONS TO SUPPLY PLAINTIFF WITH DEFENDANTS H. SANCHEZ'S AND MENDEZ'S CURRENT ADDRESS; AND**<br><br>**(2) GRANTING AN EXTENSION OF TIME TO SERVE DEFENDANTS H. SANCHEZ AND MENDEZ PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>**[Doc. No. 22]** |

　　On May 12, 2010, Larry Rosser ("Plaintiff"), a state prisoner currently incarcerated at the High Desert State Prison in Susanville, California, and proceeding *pro se,* filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 14, 2010, the Court found that the claims in Plaintiff's Complaint were sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service ("USMS") to effect service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

On the following day, the Clerk issued a summons and prepared an "IFP package," including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each Defendant named in the Complaint, and a copy of the Court's Order granting Plaintiff leave to proceed IFP. *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of summons and complaint."); 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(a), (c)(3).

Summonses were returned unexecuted as to Defendants H. Sanchez and Mendez According to the USMS, it was informed by the litigation coordinator at Donovan State Prison that Defendants H. Sanchez and Mendez were not employed at that institution. Therefore, Plaintiff now moves the Court by letter for the California Department of Corrections to provide him with Defendants H. Sanchez's and Mendez's current addresses. The California Department of Corrections has refused to give Plaintiff Defendants H. Sanchez's and Mendez's current addresses.

**I.    FED.R.CIV.P. 4 Service Rules**

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So

long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 [quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)]. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge"). Here, because Plaintiff has not yet been able to ascertain the proper location where Defendants H. Sanchez and Mendez may now be served, he must remedy the situation or face dismissal of his claims against Defendants H. Sanchez and Mendez. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, as long as Defendants H. Sanchez's and Mendez's current and/or forwarding addresses can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendants H. Sanchez and Mendez on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs the Deputy Attorney General assigned to this case to contact either the Litigation Coordinator at High Desert State Prison or the CDCR's Legal Affairs Division, if necessary, and provide Defendants H. Sanchez's and Mendez's current and/or forwarding address within the CDCR's records or possession, and to forward that address to the USMS in a confidential memorandum.

**II.  Conclusion and Order**

Accordingly, the Court hereby:

**GRANTS in part and DENIES in part** Plaintiff's Motion and **ORDERS** the Deputy Attorney General assigned to this case to provide the forwarding addresses for Defendants H. Sanchez and Mendez to the U.S. Marshal in a *confidential memorandum* indicating that the

3

summonses and complaint are to be delivered to those addresses.  The Attorney General shall provide the U.S. Marshal with any such information on or before **December 1, 2010.**

Within thirty (30) days of receipt of any available address from the Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summonses upon Defendants H. Sanchez and Mendez.  All costs of service shall be advanced by the United States pursuant to the Court's July 14, 2010 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3)..

**IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the Court's July 14, 2010 Order; (2) this Order; (3) the Complaint, summonses and a blank U.S. Marshal Form 285 to the Attorney General for purposes of re-attempting service as to Defendants H. Sanchez and Mendez.

**IT IS SO ORDERED.**

DATED: November 1, 2010

Hon. William V. Gallo
U.S. Magistrate Judge