UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ROSSER,<br><br>        Plaintiff,<br><br>v.<br><br>SANCHEZ, et al.,<br><br>        Defendants. | Case No. 10-CV-1037-JAH (JMA)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL AND TO REOPEN AND EXTEND DISCOVERY PERIOD [Doc. No. 110]** |

On May 31, 2012, Plaintiff Larry Rosser filed an ex parte motion requesting the appointment of counsel and to reopen and extend the discovery period. Doc. No. 110. The basis for both requests appears to be that Plaintiff has encountered difficulties in obtaining discovery. As such, Plaintiff seeks counsel "to at least conduct and effect discovery." Id. at 1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Id. (citations omitted).

Here, Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity, and to serve and conduct discovery. The facts alleged in his First Amended Complaint are not complex. Based on the information currently before the Court, it is clear that Plaintiff has the competence necessary to pursue his case. Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case. Nor has Plaintiff submitted anything which would suggest he is likely to succeed on the merits or that it would be in the interests of justice for counsel to be appointed in his case. Based on the foregoing, the Court **DENIES** Plaintiff's motion for appointment of counsel.

Furthermore, while Plaintiff has set forth various difficulties he has encountered in discovery, he has set forth no explanation as to why fact discovery should be reopened nor as to what further discovery he would conduct if the fact discovery period were reopened. As Plaintiff has not demonstrated good cause to reopen fact discovery, the Court **DENIES** Plaintiff's motion to reopen and extend the discovery period.

**IT IS SO ORDERED**.

DATED: June 4, 2012

_____
Jan M. Adler
U.S. Magistrate Judge